```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
ELLA JEAN TATE,                             :         CASE NO. 1:19 CV 2147
                                            :
        Plaintiff,                          :
                                            :
vs.                                         :         OPINION & ORDER
                                            :
                                            :
DR. REBECCA L. SCHROEDER, et al.,           :
                                            :
        Defendants.                         :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

**Introduction**

On September 17, 2019, *pro se* plaintiff Ella Jean Tate filed an *in forma pauperis* complaint against Doctors Rebecca L. Schroeder and Veronica Cheung and Exact Care Pharmacy, alleging the doctors prescribed her overdoses of diabetic medication, filled by Exact Care Pharmacy, which caused her to sustain serious permanent personal injuries. (Doc. No. 1.)

On October 15, 2019, she filed a motion to add Metro Health Hospital as a defendant, alleging that from January 2015 to December 22, 2016, she did not receive proper treatment in its emergency room for the overdoses. (Doc. No. 3.)

The plaintiff moved to proceed *in forma pauperis* (Doc. No. 2) and to name Metro Health Hospital as a defendant (Doc. No. 2). The Court grants those motions, but the Court nonetheless dismisses this action because the Court does not have jurisdiction over this case. The Plaintiff's claim must be made in a state court.

**Legal Standard**

Federal courts have only limited jurisdiction and have a duty to make sure the court has subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd*., 556 F.3d 459, 465 (6th Cir. 2009). Federal subject-matter jurisdiction exists when a claim deals with federal law and the case's federal law issue is described in the complaint. *See* 28 U.S.C. § 1331; *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir. 2002).

Federal jurisdiction can also exist when a plaintiff sues for state-law claims and the parties are citizens from different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

"If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**Discussion**

Upon review, the Court finds that the plaintiff's complaint must be dismissed. Her pleadings do not make federal law claims and this court does not have federal subject-matter jurisdiction. The complaint makes no federal law claim.

The complaint, instead, makes only claims for negligence, or medical malpractice. Both are state law tort claims.

The plaintiff does not show diversity jurisdiction over such state-law tort claims as her pleadings do not suggest that the parties are of completely diverse citizenship. In fact, the plaintiff's complaint says that she and all of the defendants are Ohio citizens. (*See* Doc. No. 1 at 1-2.) Accordingly, there is no basis for an exercise of federal diversity jurisdiction over any state-law claims she alleges.

Case No. 1:19-cv-02147
Gwin, J.

## Conclusion

Accordingly, the plaintiff's complaint is dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: January 2, 2020  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE